UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

ROBERT K.  DURANT                    )          CASE NO.  3:11 CV1427
                                     )
              Petitioner,            )          JUDGE JOHN R. ADAMS
                                     )
    v.                               )
                                     )          MEMORANDUM OF OPINION
                                     )          AND ORDER
UNITED STATES OF AMERICA,            )
                                     )
              Respondent.            )


Before the Court is *pro se* Petitioner Robert Kerwin Durant's Petition for a writ of habeas corpus pursuant 28 U.S.C. §2241.  Petitioner is being held in custody at the Seneca County Jail in Tiffin, Ohio, pending deportation.  He complains that his detention is unlawful because he is serving a "double sentence." Petitioner seeks immediate release during the pendency of his deportation challenge.  For the reasons set forth below, this action is dismissed.

*Background*

The Public Access to Court Electronic Records (PACER) reveals that a criminal complaint was filed against Petitioner in 2008.  *See United States v.  Durant*, No. 0:08-mj-00540, (D. Minn.

filed Dec. 22, 2008).  He was subsequently indicted in the United States District Court of Minnesota on January 21, 2009, *see United States v. Durant*, No. 0:09cr0022, (D. Minn. filed Jan. 21, 2009), and charged with bank robbery in violation of 18 U.S.C. § 2113(a)(1).  On June 1, 2009, he pleaded guilty to the charge and on January 22, 2010 was sentenced to 15 months imprisonment.  Petitioner's term of imprisonment ended on February 16, 2011 and he was released from the Northeast Ohio Correctional Center (N.E.O.C.C.) on that date.

Petitioner complains he was immediately taken into custody by the Immigration and Custody Enforcement (ICE) agency after his release from N.E.O.C.C.  Since then, he has filed an appeal to the Board of Immigration Appeals (BIA), which is still pending. He does not detail the substance of his appeal, but clarifies that he not challenging his pending deportation order.

Petitioner asserts he is being held without bond "for the same crime I committed in 2008." (Pet. at 2.)  He asks to be released on bond during the pendency of his appeal to the BIA.  He reasons that because he was permitted to be released on bond during the pendency of his  criminal case, the same arrangement should apply while he is awaiting deportation.  Beyond this declaration, Petitioner does not address his pending deportation as cause for his continued confinement.  As such, he argues this Court should order his release on bond pending his appeal to the BIA.

*Initial Review*

This matter is before the court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct.  22, 2002).  At this stage, allegations in the petition are taken as true and liberally construed in Petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  Considering Petitioner's *pro se* status, his pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  For

2

the reasons set forth below, however, the Petition lacks merit and is dismissed.

*28 U.S.C. § 2241*

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is limited to claims that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A habeas corpus proceeding therefore is the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

For the court to assume jurisdiction over a habeas corpus petition it must have personal jurisdiction over the petitioner's custodian. *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 495 (1973). Although he is not named as respondent in this case, the warden at Seneca Jail is Petitioner's custodian and this Court has personal jurisdiction over him. *See e.g., Vasquez v. Reno*, 233 F.3d 688, 693 (1st Cir. 2000) (alien seeking writ of habeas corpus contesting legality of his detention by Immigration and Naturalization Service (I.N.S.) was required to name as respondent individual having day-to-day control over facility in which he was being detained, not Attorney General, absent extraordinary circumstances). Accordingly, Petitioner's request to be released on bond from his present custodian is properly filed as a § 2241 petition in this Court. *See Wright v. United States Bd. of Parole*, 557 F.2d 74, 76–77 (6th Cir. 1977).

*Alien Detention*

Contrary to Petitioner's assertions, there are no facts alleged that support his claim of unlawful detention. Once his prison term ended, Petitioner was taken into custody by immigration authorities. By his own admission, a deportation order is pending. The detention of aliens subject to final orders of removal is governed by section 241(a) of the Immigration and Nationality Act

3

(INA).  Section 241 provides that the Attorney General is required to remove an alien within a 90–day "removal period," 8 U.S.C. § 1231(a)(1)(A); however, an alien found removable under 8 U.S.C. § 1227(a)(2), such as Petitioner, "may be detained beyond the removal period."[1] 8 U.S.C. § 1231(a)(6).  This is Petitioner's current status.

Based on the foregoing, it is clear Petitioner is not unlawfully detained as punishment for his bank robbery conviction.  Instead, he is in the custody of immigration authorities awaiting deportation.  Because Petitioner has not challenged the reasonableness of his continued detention based on a final order of deportation, this Court is not prepared to address an issue not squarely before it.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)(legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences).

---

[1]The class of alien into which Petitioner falls is

Any alien who--

(I) is convicted of a crime involving moral turpitude committed within five years (or 10 years in the case of an alien provided lawful permanent resident status under section 1255(j) of this title) after the date of admission, and

(II) is convicted of a crime for which a sentence of one year or longer may be imposed, is deportable.

8 U.S.C. § 1227(2)(A)(i).

*Conclusion*

Petitioner Robert Durant's petition for writ of habeas corpus is **dismissed** pursuant to 28 U.S.C. § 2243.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: November 3, 2011                                      _  */s/ John R. Adams*_____
                                                           JOHN R. ADAMS
                                                           UNITED STATES DISTRICT JUDGE